NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTA BORDEAUX, on behalf of herself and those similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>LTD FINANCIAL SYSTEMS, LP; ADVANTAGE ASSETS II, INC.; AND JOHN DOES 1 TO 10,<br><br>*Defendants.* | Civil No.: 16-cv-00243 (KSH) (CLW)<br><br><br><br>OPINION |

**I.  Background**

Pending before this Court is plaintiff Roberta Bordeaux's motion for class certification in a Fair Debt Collections Practices Act suit against defendants LTD Financial Services, LP and Advantage Assets II, Inc.  In conjunction with that, defendants are appealing orders of Magistrate Judge Cathy Waldor directed toward their submissions on class certification.

After both parties fully briefed the class certification issue, defendants moved before Judge Waldor for an order striking a declaration of plaintiff's attorney

Andrew Thomasson (D.E. 63-3) under Fed. R. Civ. P. 12(f), or in the alternative under L. Civ. R. 7.2(a).[1] (D.E. 73.) Among other things, the Thomasson declaration contended that defendants "never produced or disclosed in discovery" certain exhibits that they attached to their opposition papers. (*Id.* at ¶ 7.)

By text order (D.E. 80), Judge Waldor denied the motion to strike and further, pursuant to Fed. R. Civ. P. 37(c)(1), she struck Exhibits C, F, and G from defendant's opposition submissions. Defendants filed a timely appeal to this Court. (D.E. 83.)

## II. Standard of Review

"The district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1120 (3d Cir. 1986); 28 U.S.C. §

---

[1] Defendants' motion to strike first seeks relief under Fed. R. Civ. P. 12(f), and only do they request alternative relief under the Local Rules in their amended motion. (D.E. 73.) Rule 12(f)–which allows the court to strike *pleadings* if "redundant, immaterial, impertinent, or scandalous"–is hardly the sturdiest vehicle to strike a declaration attached to a motion for class certification, especially after over one year of discovery. While defendants cite some cases for the proposition that courts use 12(f) to strike any documents, none do this or state it can be done. *See, Faulman v. Sec. Mut. Fin. Life Ins. Co., 04-5083,* 2006 U.S. Dist. LEXIS 60811 (D.N.J. Aug. 28, 2006); *see also, Kongtcheu v. Secaucus Healthcare Ctr., LLC*, No.: 2:13-cv-1856, 2014 U.S. Dist. LEXIS 74161
(D.N.J. May 30, 2014) (explaining that courts may apply the Rule 12(f) *standard* to strike other documents; that is "motions to strike are disfavored and will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case" (quoting *In re Scherig-Plough Corp.* No. 08-cv-397, 2009 U.S. Dist. LEXIS 42219, at *1 (D.N.J. May 19, 2009)).) As such, the Court only addresses defendants' first argument insofar as it seeks relief under L. Civ. R. 7.2(a).

2

636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A). On questions of fact, a "reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *In re Bristol-Meyers Squibb Sec. Lit.*, No. 00-1990, 2003 WL 2592198 at *2 (D.N.J. June 25, 2003). In contrast, the district court reviews questions of law de novo. *Id*; *see also Cooper Hospital/Univ. Med. Center v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

### III. Discussion

According to defendants, the Thomasson declaration should be stricken for three reasons: (1) the declaration includes "immaterial and scandalous[2] statements meant to attack the credibility of defense counsel"; (2) the declaration asserts legal and factual arguments; and (3) the factual allegations asserted are "outside the scope of the declarant's personal knowledge." (D.E. 83 at 8.) As to the stricken exhibits, defendants argue that they are permissible as rebuttal evidence; that Judge Waldor does not have the authority to strike exhibits sua sponte; and finally that in submitting, they did not act in bad faith. (*Id.* at 13, 17-19.)

As to defendants' challenge to the contents of the Thomasson declaration, the Court is not persuaded that Judge Waldor's denial of the motion to strike was

---

[2] Defendants point to specific lines in the Thomasson declaration regarding defense counsel that they believe to be immaterial and scandalous: "counsel 'routinely engage[s] in…discovery abuses,' 'withold[s] facts in discovery' and 'ambush[es]' plaintiffs." (D.E. 83 at 11.) The Court reiterates that only Local Rule 7.2(a) applies here, not Rule 12(f). Local Rule 7.2(a) does not address scandalous material. Therefore, without commenting on the appropriateness of the commentary, the Court need not address the issue.

3

"clearly erroneous or contrary to law." Local Civil Rule 7.2(a) requires affidavits, declarations, certifications, and other similar documents to include only "statements of fact within the personal knowledge of the signatory," and it prohibits arguments of facts and law, as well as legal arguments and conclusions. L. Civ. R. 7.2(a). As plaintiff's attorney, Thomasson has personal knowledge of what documents were turned over to him throughout discovery, as well as what documents were submitted past the discovery deadline. To the extent a declaration crosses the line into "legal arguments and summations," Local Rule 7.2(a) directs that those "will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions, or both." As such, the Court either may disregard a declarant's legal conclusions and credit only the facts stated, or the Court may take further steps such as censure and sanctions.3 Here, Judge Waldor—who has conducted discovery beginning in April 2016 (D.E. 12)—decided the Thomasson declaration satisfied the requirements of Local Rule 7.2(a), and the Court finds her ruling was not clearly erroneous or contrary to law.

As to defendants' second argument, Rule 37(c)(1) states "if a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to

---

3 In establishing that a declarant's legal arguments and "summations," may be disregarded, and, if necessary, sanctioned, Local Rule 7.2(a) indicates a court is capable of taking the high road and ferreting out what is useful and what isn't. As the parties' respective submissions on this appeal demonstrate, ferreting out what is within the declarant's knowledge and what constitutes unwarranted argument ultimately drags counsel and the Court so far down "in the weeds" as to become at best irrelevant and at worst, a side show that obscures what is at issue in the main event, the class certification motion.

use that information…to supply evidence on a motion…unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Rule authorizes sanctions, including payment of reasonable expenses, informing the jury of the party's failure, and other appropriate means of enforcement. Fed. R. Civ. P. 37(c)(1)(A-C).

The docket indicates that Judge Waldor originally set a fact discovery deadline for January 17, 2017. She granted defendants' request and extended it to March 15, 2017. (D.E. 12; D.E. 29.) Exhibits C, F, and G were filed as exhibits on May 23, 2017, over two months past the already-extended discovery deadline. (D.E. 56.) On July 24, Judge Waldor struck these exhibits because "[p]roduction of these documents occurred outside the scheduling order without cause." (D.E. 80.) Discovery management and the issuance of sanctions for violations thereof are squarely in the authority of magistrate judges. *See*, 28 U.S.C. § 632(b)(1). Judge Waldor's actions are neither "clearly erroneous [nor] contrary to law."

IV. **Conclusion**

For the foregoing reasons, the Court denies defendants' appeal. An appropriate order will be entered.

s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J.

Dated: October 16, 2017