NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERTA BORDEAUX, *on behalf of herself and those similarly situated*,

    *Plaintiff*,

v.

LTD FINANCIAL SERVICES, L.P., ADVANTAGE ASSETS II, INC, and JOHN DOES 1 to 10,

    *Defendants*.

Civil No. 2:16-0243 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

    This issue comes before the Court on a cross-motion to stay the proceedings. On December 28, 2017, this Court granted class certification for plaintiff Roberta Bordeaux in an action alleging abusive debt collection practices in violation of the Federal Debt Collection Practices Act (FDCPA). (D.E. 102.) On January 12, 2018, Bordeaux moved for an order approving the form and method of notice to class members. (D.E. 104.) On January 22, 2018, LTD Financial responded seeking to stay all action pending resolution of its Rule 23(f) appeal to the Third Circuit. (D.E. 105.)

**Standard**

    Rule 23(f) provides that an appeal of an order granting or denying class-action certification "does not stay proceedings in the district court unless the district judge or the court of appeals so order." Fed. R. Civ. P. 23(f). But as to the circumstances compelling such an order, decisions agree that the Third Circuit has not given trial courts direct guidance. *See, e.g., Johnson v. Geico*

*Cas. Co.,* 269 F.R.D. 406, 411 (D. Del. 2010)*; King Drug Company of Florence, Inc., v. Cephalon, Inc.,* Nos. 06-1797, 06-1833, 06-2768, 2015 WL 9244638, at *3 (E.D. Pa. Dec. 17, 2015).

Some courts have suggested applying a preliminary injunction standard in considering whether to grant a stay. *See, e.g. In Re Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001); *Blair v. Equifax Check Serv., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002). Were this Court to adopt that approach and apply Third Circuit jurisprudence, defendants would have to establish that their appeal "(1) is likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of [a stay], (3) that the balance of equities tips in their favor, and (4) that [a stay] is in the public interest." *HR Staffing Consultants LLC v. Butts*, 627 F. App'x 168, 171 (3d Cir. 2015).

Both parties have presented their arguments under the rubric of the preliminary injunction standard. As the Seventh Circuit observed, the heart of the analysis is whether "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Blair*, 181 F.3d at 835.

## Discussion

### I. Is it Likely LTD Financial's Appeal of this Court's Decision Will be Successful?

In deciding a request for a stay, the district court "must predict both the likelihood that the Third Circuit will grant Defendants' Petition, and the likelihood that the Third Circuit will agree with Defendants on the substantive merits." *Johnson*, 269 F.R.D. at 412. In deciding whether to grant an interlocutory appeal under Rule 23(f), the Third Circuit looks at "(1) the possible case-ending effect of an imprudent class certification decision (the decision is likely dispositive of the litigation); (2) an erroneous ruling; or (3) [if an immediate appeal would]

facilitate development of the law on class certification." *Newton v. Merrill Lynch, Pierce, Fener & Smith, Inc.*, 259 F.3d 154, 165 (3d Cir. 2001).[1]

LTD Financial focuses on the second prong, arguing that this Court erred in two respects. First, LTD Financial argues that the Court applied the incorrect standard for ascertainability because there is no way to know if the recipients of the collection letter were consumer or business debtors as defined by the FDCPA. (D.E. 106; LTD Financial's Br. to Stay Proceedings; 9-12.) However, in addition to the ample evidence in the record indicating that LTD Financial has records that identify whether debts were consumer or business based, Bordeaux points to the testimony of David John, the President and CEO of LTD Financial. (D.E. 107; Bordeaux's Reply Br.; 18.) John testified that he was able to search for people in New Jersey to whom LTD Financial sent collection letters in attempts to collect a *consumer* debt owed. (*Id.* at 19; *see also* D.E. 52-3, PageID 634-45) (emphasis added).) Based on his search, the class number was set at 1,994. The Court stands by its finding of ascertainability.

Second, LTD Financial argues the Court failed to address the merits. (D.E. 106; LTD Financial's Br. to Stay Proceedings; 9, 12.) The Supreme Court has held that a "probe behind the pleadings" is often necessary in class certification questions because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (internal quotations omitted). The Third Circuit has advised district courts that a "rigorous analysis *may* include a 'preliminary inquiry into the merits.'" I*n re Hydrogen Peroxide Antitrust Litig.*, 552

---

[1] That said, a district court has opined, in the context of determining whether the circuit court will grant a Rule 23(f) petition, that "[i]t is a fool's errand to try to predict what the court of appeals is likely to do before it acts." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93 (D.D.C. 2012).

F.3d 305, (3d Cir. 2008) (quoting *Newton v. Merrill Lynch, Pierce, Fener & Smith, Inc.*, 259 F.3d 154 (3d Cir. 2001) (emphasis added). This Court did probe behind Bordeaux's pleading in its decision, and found, as have other district court judges in this circuit, that there is merit to the position that the tax clause in the collection letter could be misleading to the least sophisticated debtor. *See Balon v. Enhanced Recovery Co.*, 190 F. Supp. 3d 385, 391 (M.D. Pa. 2016); *Velez v. Enhanced Recovery Co.*, No. 16-164, 2016 U.S. Dist. LEXIS 57832 (E.D. Pa. May 2, 2016) (the letter "could mislead or deceive the least sophisticated debtor" because the language "suggests the possibility that the cancelled debt could be reported" to the IRS).

Additionally, the Third Circuit recently reversed a district court's decision to dismiss a FDCPA lawsuit that was based on a collection letter seeking to collect on a time-barred debt. *Tatis v. Allied Interstate, LLC*, No. 16-4022, 2018 WL 818004 (3d Cir. Feb. 12, 2018). The court held that the reference in the letter to "settlement of the debt" could mislead the least-sophisticated debtor into thinking it "referred to the creditor's ability to enforce the debt in court rather than a mere invitation to settle the account." *Id.* at *5. The *Tatis* letter has different language, but what counts is the Third Circuit's instruction that the FDCPA be construed "broadly, so as to effect its purpose." *Id.* at 2, quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). The Court is satisfied that its merits analysis was sufficient for this stage in litigation.

Based on the foregoing, this Court does not find that the probability of error in its class certification decision is high enough to warrant a stay. *See Blair*, 181 F.3d at 835.

## II.   Will LTD Financial Suffer Irreparable Harm in the Absence of Stay?

LTD Financial argues it will suffer irreparable harm expending resources for class notice and dispositive motions. (D.E. 106; LTD Financial's Br. to Stay Proceedings; 16.) Litigation

4

costs will generally not rise to the level of irreparable harm.  *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 14-1455, 2016 WL 5107173, *2 (W.D. Pa. June 8, 2016) ("In every case, a party may have to expend money on discovery that could later be deemed unnecessary if the case is reversed on appeal, but that fact does not transform such expenses into irreparable harm.")  Additionally, "merely [] rewording [] defendant's merits arguments" in terms of irreparable harm will not suffice.  *Id.*

Further weakening LTD Financial's argument is the fact that plaintiffs bear the cost of notifying the class; indeed, the stay request arose *in response* to Bordeaux's efforts to begin notification of the class.  The Court finds that LTD Financial will not be irreparably harmed absent a stay.

### III.     Balance of Equities and Public Interest

Based on the foregoing, when the right of potential class members to be notified and allowing time to opt out is balanced against the alleged financial harm to LTD Financial, the Court is satisfied that moving forward is the proper course.  Bordeaux should be able to continue her case, notify the class, and allow the potential class members the necessary time to opt out.  As mentioned above, LTD Financial will not be irreparably harmed in continuing to litigate while the appeal is pending.  The Court finds that the balance of equities favors Bordeaux and the class.  In addition to the public interest in prompt resolution of cases, the Court finds the public interest will also be served by prompt notification to class members of a certified class.

### Conclusion

The Court denies LTD Financial's cross-motion to stay the proceedings while its Rule 23(f) petition is pending.  An appropriate order will follow.

<u>s/ Katharine S. Hayden</u>
                                                                    Katharine S. Hayden, U.S.D.J.


Dated:  March 9, 2018