**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERTA BORDEAUX, *on behalf of herself and those similarly situated*,<br><br>    *Plaintiff*,<br><br>v.<br><br>LTD FINANCIAL SERVICES, L.P., ADVANTAGE ASSETS II, INC, and JOHN DOES 1 to 10,<br><br>    *Defendants*. | Civil No. 2:16-0243 (KSH) (CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

Plaintiff Roberta Bordeaux, on behalf of herself and a class of similarly situated persons, has sued defendants LTD Financial Services, L.P. and Advantage Assets II, Inc., alleging that they violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, in debt collection letters that referred to potential tax reporting consequences of accepting a settlement of the debt. LTD and AA II have each moved for summary judgment, and Bordeaux has cross-moved for partial summary judgment. The motions (D.E. 151, 153, 155) are fully briefed, and the Court decides them without oral argument.

**II.   Background**

  **A. Factual Background**

At some point prior to January 2015, Bordeaux opened a Home Depot credit card account. (D.E. 152-1, Defs.' Combined R. 56.1 Stmt. ¶ 1.) She bought goods for her home using the card. (*Id.* ¶ 3.) At some point, Bordeaux developed an outstanding balance on the account, and AA II,

1

a debt buyer that had acquired the account, retained LTD to collect on the obligation.  (*Id.* ¶¶ 4-5; *see also id.* ¶ 13 ("Plaintiff's obligation was past due and in default at the time it was placed with or assigned to LTD for collection.").)  AA II remains "the current creditor of the obligation.  (*Id.* ¶ 10.)  In pursuing payment, "LTD sought to collect $4,528.59 from [Bordeaux] as the amount of her obligation."  (*Id.* ¶ 14.)  LTD mailed letters to Bordeaux on or about January 14, 2015, April 3, 2015, May 4, 2015, and August 4, 2015.  (*Id.* ¶¶ 15, 16, 17, 18.)  AA II did not send Bordeaux any letters in its name.  (*Id.* ¶ 19.)  The letters LTD sent identified the original creditor as "Citibank (South Dakota), N.A. Home Depot."  (*Id.* ¶ 21.)

The letters each contained language offering to settle the outstanding obligation for lesser amounts, either in a single payment or over multiple payments.  (*Id.* ¶¶ 22-25.)  They also included the following language:

> Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor.  If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

(*Id.* ¶ 26.)  Bordeaux did not accept any of the settlement offers, and made no payments to LTD. (*Id.* ¶¶ 27-28.)

**B. Procedural History**

On December 2, 2016, Bordeaux filed the operative first amended class action complaint, in which she asserted that defendants' conduct violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), and 1692f.  (D.E. 25, Am. Compl.)  Defendants filed their first amended answer on January 20, 2017.  (D.E. 31.)  The Court later certified a class under Fed. R. Civ. P. 23(b)(3), consisting of:

> All natural persons residing in the State of New Jersey, to whom LTD Financial Services, L.P. sent a collection letter dated from January 13, 2015 through and

including January 13, 2016, in an attempt to collect a consumer debt allegedly owed to Advantage Assets II, Inc.; and contained the same or similar language, "Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor."

(D.E. 102, Class Cert. Op.; *see also* D.E. 103 (order granting class certification).) The Third Circuit denied defendants' petition seeking permission to file an interlocutory appeal under Rule 23(f). *See Bordeaux v. LTD Fin. Servs., L.P.*, Civ. No. 18-8005, 2018 WL 3475482, at *1 (3d Cir. Mar. 6, 2018). A 2019 attempt at summary judgment motion practice devolved into an extended dispute over the scope of the factual assertions on which defendants relied and, ultimately, the development of a revised final pretrial order and the renewed summary judgment motions presently before the Court. Those motions were briefed from July to September 2020[1] (D.E. 151-155, 158-164), with Bordeaux filing a clarifying letter on November 27, 2020 (D.E. 165).

In its motion for summary judgment, LTD argues that Bordeaux lacks Article III standing because she has not suffered an injury-in-fact under the FDCPA. LTD also contends that its letters violated neither 15 U.S.C. § 1692e nor 15 U.S.C. § 1692f because they accurately conveyed the potential negative tax consequences of settling a debt for less than the amount owed. (D.E. 152, LTD Mov. Br.) AA II incorporates all of LTD's arguments in its motion for summary judgment, but further contends that it cannot be held vicariously liable for LTD's actions because Bordeaux has failed to satisfy her burden of demonstrating that LTD acted as AA II's agent. (D.E. 154, AA II Mov. Br.)

---

[1] Bordeaux failed to submit her "Response to Defendants' Statement of Undisputed Material Facts" with her opposition brief, but subsequently filed it on June 10, 2021. (*See* D.E. 168, 169.)

In opposition to the defense motions, Bordeaux argues that she has Article III standing to pursue an FDCPA claim because LTD's letters used "false, misleading, or deceptive" language to facilitate the collection of a debt, which qualifies as an injury-in-fact under the FDCPA. She further contends that AA II can be held vicariously liable for LTD's deceptive practices as a matter of law because AA II had the right to exercise direction and control over LTD. (D.E. 160, Bordeaux Opp. Br.) Bordeaux also cross-moves for partial summary judgment as to defendants' liability, claiming that defendants' deceptive practices constitute a violation of the FDCPA as a matter of law. (D.E. 155-1, Bordeaux Mov. Br.)

### III. Relevant Standards

#### A. Summary Judgment Standard

Summary judgment is proper where the movant demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on the motion, the Court views the evidence in the light most favorable to the non-moving party and draws all inferences in favor of that party. *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 402 (3d Cir. 2016). A factual dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). At the summary judgment stage, the Court is not permitted to make credibility determinations or weigh the evidence. *Id.* at 428-29.

Once the movant has met its threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Accurate Abstracts, LLC v. Havas Edge, LLC,* Civ. No. 14-1994, 2018 WL 5033752, at *4 (D.N.J. Oct. 16, 2018)

(McNulty, J.) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Rather, the non-moving party "must present actual evidence that creates a genuine issue as to a material fact for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the non-moving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The same standard applies when cross-motions for summary judgment are filed. *See Appelmans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1987). "When both parties move for summary judgment, '[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Auto-Owners*, 835 F.3d at 402 (alteration in original) (quoting 10A Charles Alan Wright et al., Federal Practice & Procedure § 2720 (3d ed. 2016)).

**B. Fair Debt Collection Practices Act Standard**

Congress enacted the FDCPA to protect consumers by eliminating "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, the parties primarily dispute

the fourth element: whether defendants' conduct as alleged violated Sections 1692e and 1692f of the FDCPA.[2]

In determining whether a particular practice or action violates the FDCPA, courts routinely employ the "least sophisticated debtor" standard. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). This objective standard does not require the individual plaintiff to show actual injury, only that "the objective least sophisticated debtor" would have been "confused or misled." *Id.* at 419. Although the least sophisticated debtor standard is meant to protect consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (internal citations and quotations omitted). Accordingly, the standard protects both "the gullible as well as the shrewd" and "give[s] effect to the . . . intent" of the FDCPA. *Jensen*, 791 F.3d at 418 (alteration in original) (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008)).

IV. **Discussion**

A. **Bordeaux's Article III Standing**

Defendants first move for summary judgment on the grounds that Bordeaux lacks Article III standing to bring a claim under the FDCPA. Relying primarily on a case from the Eleventh Circuit, defendants argue that Bordeaux has "failed to establish that she herself has suffered any concrete injury" and "merely is relying on her FDCPA claim to establish a concrete injury," which is insufficient to confer standing. (LTD Mov. Br. at 17, 19.) But Third Circuit precedent and cases

---

[2] The parties also appear to dispute whether the debt at issue was a "consumer debt," and whether AA II is a "debt collector." As will become clear, these issues are immaterial to the Court's outcome.

in this district hold otherwise and establish that a violation of the FDCPA "is the invasion of a substantive right" which, standing alone, is "a concrete injury in fact sufficient for Article III standing." (Bordeaux Opp. Br. at 8.)

As a preliminary matter, "a plaintiff must have standing at the time the complaint is filed" for the court to have jurisdiction over it. *Hovermale v. Immediate Credit Recovery, Inc.*, Civ. No. 15-5646, 2018 WL 6322614, at *2 (D.N.J. Dec. 4, 2018) (Kugler, J.) The burden is on the plaintiff to establish standing by satisfying three elements: (1) injury in fact; (2) nexus between injury and complained of conduct; and (3) likelihood of redressability with a favorable decision. *Joint Stock Society v. UDV North America, Inc.*, 266 F.3d 164, 175 (3d Cir. 2001). As explained above, defendants only challenge Bordeaux's ability to establish an "injury in fact."

The Third Circuit has found that a violation of 15 U.S.C. § 1692f is sufficient to confer Article III standing on consumers. *See St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (upholding Judge Wolfson's determination that violation of 15 U.S.C. § 1692f conferred standing on plaintiff). While the Third Circuit has yet to address the issue of whether a violation of 15 U.S.C. § 1692e is sufficient to confer standing on consumers, courts in this district have regularly found that consumers have a "substantive, statutory right under the FDCPA to be free from false or deceptive information," and thus a violation of 15 U.S.C. § 1692e gives rise to injuries sufficient to establish Article III standing. *Fuentes v. AR Res., Inc.*, Civ. No. 15-7988, 2017 WL 1197814, at *5-6 (D.N.J. Mar. 31, 2017) (Wolfson, J.); *see, e.g.*, *Schultz v. Midland Credit Mgmt., Inc.*, Civ. No. 16-4415, 2020 WL 3026531, at *3 (D.N.J. June 5, 2020) (Arleo, J.) ("[B]y receiving collection letters that were allegedly false, deceptive, or misleading in violation of Section 1692e, Plaintiffs have Article III standing to sue."); *Hovermale*, 2018 WL 6322614, at *4 (finding that "when a debt collector violates Section

1692e by providing false or misleading information, the informational injury that results—i.e., receipt of that false or misleading information—constitutes a concrete harm"). Indeed, as this Court made plain in its class certification opinion, "[t]he injury, for standing purposes, is framed as a right to receive accurate and non-misleading information." (Class Cert. Op. at 2.)

Defendants' motion for summary judgment on grounds Bordeaux lacks standing is not supported by the relevant cases within this Circuit and is denied.

### B. Viability of Bordeaux's FDCPA Claims

#### a. Bordeaux's 15 U.S.C. § 1692e Claims

Defendants argue that Bordeaux's claims under 15 U.S.C. § 1692e must fail because the challenged language in LTD's letters is not false, deceptive, or misleading. More specifically, defendants claim that the conditional language in LTD's letters—*i.e.*, that the creditor "may be required" to report the settlement of a debt—is an accurate description of her potential tax consequences. (*See* LTD Mov. Br. at 29.)

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and identifies the following as improper conduct:

(2) The false representation of –

    (A) the character, amount, or legal status of any debt.

. . .

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

8

> . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10).

Bordeaux takes issue with the following language in LTD's letters: "Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form . . ." (Defs.' Combined R. 56.1 Stmt. ¶ 26.)  Relevant to whether this language is "false, deceptive, or misleading" under 15 U.S.C. § 1692e is the Third Circuit's opinion in *Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159 (3d Cir. 2018).  In *Schultz*, a debt collector sent letters to the appellants attempting to collect outstanding debts, all of which were less than $600.  IRS regulations provide that discharges of debt of $600 or more "must" be included on a Form 1099-C and filed with the IRS.  Notwithstanding, all of the collection letters stated: "We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case." *Id.* at 161.  The appellants claimed that this language was "false, deceptive and misleading."

On appeal, the Third Circuit held that the debt collector's letters presented a "false or misleading view of the law." *Id.* at 162.  Integral to the court's ruling was the fact that the appellants did not owe debts of more than $600, and so any reporting to the IRS was an impossibility.  The Third Circuit rejected the debt collector's argument that "the use of the

9

conditional 'might' should signal to the least sophisticated debtor that only under certain circumstances will reporting occur," and found that the "problem" with that argument based on the facts of the case was that "under *no* set of circumstances [would] reporting ever occur" for the appellants. *Id.* at 163. In reaching its conclusion, the Third Circuit distinguished the facts before it from those in *Antista v. Fin. Recovery Servs., Inc.*, Civ. No. 17-3567, 2018 WL 259771, at *2-3 (D.N.J. Jan. 2, 2018), in which Judge Martini held that a debt collection letter indicating that a settlement "may have tax consequences" was not rendered false, deceptive, or misleading because certain reporting exceptions may have applied to the plaintiff. Instead, the relevant language before the Third Circuit "reference[d] an event that would never occur," and thus was "false and misleading" in violation of the FDCPA. *Id.* at 164-65.

Here, LTD's letters accurately state that there are tax consequences when $600 or more of debt is forgiven. *See* 26 C.F.R. 1.6050P-1(a) ("[A]ny applicable entity . . . that discharges an indebtedness of any person . . . of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service."). And as defendants point out, "each of the settlement offers in LTD's letters would have resulted in forgiveness of greater than $600." (LTD Mov. Br. at 35.) Bordeaux counters that "not every scenario would result in forgiveness of $600 or more in principal," referencing the possibility of settlements that would alter the indebtedness. (Bordeaux Opp. Br. at 23.) But regardless of whether Bordeaux's acceptance of LTD's settlement offers would have *actually* resulted in IRS reporting, the parties do not appear to dispute that there was *the possibility* that defendants would need to report the settlement to the IRS, and so reporting was not "an event that would never occur." *Schultz*, 905 F.3d at 163. As such, and unlike the situation in *Schultz*, the letters accurately reflected an

outcome that could come to pass, and cannot be viewed as "false and misleading" even to the least sophisticated debtor.

In her cross-motion, Bordeaux makes two arguments beyond the issue of potential IRS consequences, neither of which is persuasive. First, she claims that LTD's language about "reporting to the IRS" was "designed to intimidate" her into paying the outstanding debt. She contends that the Third Circuit's *Schultz* opinion distinguished between letters that deceptively "deploy language about *reporting* to the IRS" and letters that "simply state[] there may be potential tax *consequences* by accepting a settlement" in determining that the collection letters at issue violated the FDCPA. (Bordeaux Mov. Br. at 20-21.) But *Schultz* did not address the difference between "reporting" and "tax consequences" language, nor did it hold that the term "reporting" would have been intimidating to the least sophisticated consumer. *See Schultz*, 905 F.3d at 161. Instead, the court focused on the fact that the debt collector referenced a tax scenario that could never occur which, as explained above, is not the case here.

Second, Bordeaux claims that reporting to the IRS is only required when $600 or more of "principal" – and not "debt" – is reported to the IRS. According to Bordeaux, because the letters "failed to distinguish between principal and finance charges," they could "improperly persuade the least sophisticated consumer into thinking that discharge of any portion of their debt— regardless of [sic] whether it was principal or finance charges—of $600 or more may be reported to the IRS." (Bordeaux Mov. Br. at 26.) Again, Bordeaux cites to no cases which support the proposition that the use of the word "debt" (as opposed to "principal") would be false, deceptive, or misleading to the least sophisticated debtor, and the Court declines to make such a finding here.

In light of the foregoing, the Court cannot find as a matter of law that the IRS reporting language at issue in LTD's letters was "false, deceptive, or misleading." Accordingly, defendants' motions for summary judgment are granted as to Bordeaux's 15 U.S.C. § 1692e claims, and Bordeaux's cross-motion for partial summary judgment is denied.[3]

### b. Bordeaux's Section 1692f Claim

Defendants next argue that Bordeaux has failed to set forth a plausible claim under 15 U.S.C. § 1692f because Bordeaux "merely alleges the same facts as she used to support her claims under Section 1692e." Defendants further contend that even if Bordeaux can rely on the same facts, she has not pointed to any conduct that violates 15 U.S.C. § 1692f or indicated a particular subsection that was allegedly violated. (LTD Mov. Br. at 39-42.) In opposition, Bordeaux contends that the same conduct underlying a claim under 15 U.S.C. § 1692e can also form the basis of a cognizable 15 U.S.C. § 1692f claim. (Bordeaux Opp. Br. at 25-26.)

15 U.S.C. § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." It further provides a non-exhaustive list of conduct that is deemed "unfair or unconscionable." *See* 15 U.S.C. §§ 1692f(1)-(8). Although 15 U.S.C. § 1692f serves as a "a catch-all provision for conduct that is unfair, but is not specifically enumerated in any other section of the FDCPA," it "cannot be the basis for a separate claim for conduct that is already explicitly addressed by other sections of the FDCPA." *Corson v. Accts. Receivable Mgmt., Inc.*, Civ. No. 13-1903, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013) (Irenas, J.) (internal citations and quotations omitted). Accordingly, courts "routinely dismiss §

---

[3] Defendants raise additional arguments regarding Bordeaux's claims under 15 U.S.C. §§ 1692e(4), (5), and (8). Bordeaux does not oppose those arguments, and the Court need not address them in light of its ruling in defendants' favor that LTD's letters were not "false, deceptive, or misleading" under 15 U.S.C. § 1692e.

12

1692f claims when a plaintiff 'does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) (alterations in original) (quoting C*hristy v. EOS CCA*, 905 F.Supp.2d 648, 656 (E.D.Pa. 2012)); *see Garcia v. Portfolio Recovery Assocs., LLC*, Civ. No. 15-3685, 2018 WL 3218665, at *5 (D.N.J. June 29, 2018) (Hillman, J.) (dismissing 15 U.S.C. § 1692f claim that was duplicative of claims under § 1692e); *Rawlins v. Lyons, Doughty & Veldhuis, PC*, Civ. No. 16-8598, 2017 WL 2918917, at *4-5 (D.N.J. July 6, 2017) (Simandle, J.) (same).

Bordeaux's 15 U.S.C. § 1692f claim is premised on the same conduct alleged in support of her claims under 15 U.S.C. § 1692e—the allegedly false, misleading, and deceptive language in LTD's letters. In her briefing, Bordeaux does not point to any instance where defendants engaged in one of the prohibited practices identified in 15 U.S.C. § 1692f(1)-(8), let alone point to any subsection that was allegedly violated. *See Garcia*, 2018 WL 3218665, at *5 (dismissing 15 U.S.C. § 1692f claim as duplicative where plaintiff did "not indicate a particular subsection that was allegedly violated"); *Corson*, 2013 WL 4047577, at *8 (dismissing 15 U.S.C. § 1692f claim as duplicative where plaintiff did not allege that defendant "engaged in any of the activities enumerated in § 1692f(1)-(8)"). Nor does she meaningfully respond to defendants' argument that she has presented no independent basis for her 15 U.S.C. § 1692f claim.

Based on the foregoing, Bordeaux's claim under 15 U.S.C. § 1692f cannot survive summary judgment.

### C.  AA II's Vicarious Liability Argument

In addition to relying on the arguments made by LTD in its motion for summary judgment, AA II also seeks summary judgment on the basis that it cannot be held vicariously

liable under either 15 U.S.C. §§ 1692e or 1692f for LTD's debt collection practices. But having determined that Bordeaux cannot hold LTD liable in the first instance under those statutes, the Court need not address whether AA II may be held vicariously liable for LTD's debt collection practices. *See, e.g.*, *Rankines v. Meyrick*, Civ. No. 14-1842, 2016 WL 545134, at *9 (D.N.J. Feb. 10, 2016) (Bumb, J.) (recognizing that, absent an underlying violation, there can be no vicarious liability).

### D. Conclusion

For the foregoing reasons, defendants' motions for summary judgment are granted and Bordeaux's cross-motion for partial summary judgment is denied. An appropriate order will issue.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Dated: September 28, 2021